**FILED**

FEB - 2 2012

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO PAZ PENA,<br><br>Plaintiff,<br><br>vs.<br><br>J. VAN BLARCOM, et. al.,<br><br>Defendants. | No. C 11-05205 JW (PR)<br><br>ORDER OF DISMISSAL<br><br>(Doc. #4) |

Plaintiff, a prisoner presently housed at the Correctional Training Facility in Soledad, California, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that officers at his prior place of imprisonment, San Quentin State Prison, violated his constitutional rights when they lost his property during a prison transfer. Doc. #1. Plaintiff also seeks leave to proceed in forma pauperis. Doc. #4. The action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

//

//

//

Order of Dismissal
G:\PRO-SE\JW-SF\CR-11\Pena-11-5205-dismiss.wpd

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 341–42 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Law Regarding Loss of Property and 42 U.S.C. § 1983 Actions

Neither the negligent nor intentional deprivation of a prisoner's property states a due process claim under 42 U.S.C. § 1983 if the deprivation was random and unauthorized, rather than done pursuant to "established state procedure." See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee's negligent loss of prisoner's hobby kit does not violate due process if a meaningful post-deprivation remedy for the loss is available), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see also Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized intentional deprivation of property by a state employee does not violate due process if a meaningful post-deprivation remedy for the loss is available). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes federal relief because it provides the prisoner sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128–29 (1990)

Order of Dismissal
G:\PRO-SE\JW-SF\CR-11\Pena-11-5205-dismiss.wpd          2

1  (where state cannot foresee, and therefore provide meaningful hearing prior to,
2  deprivation, statutory provision for post-deprivation hearing or common law tort
3  remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782
4  F.2d 825, 826–27 (9th Cir. 1986) (same). California law provides such an adequate
5  post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.
6  1994) (citing Cal. Gov't Code §§ 810-895).

C.  Plaintiff's Claim

According to the complaint and attachments thereto, Plaintiff's property was confiscated on October 14, 2009 after he was placed in administrative segregation for possession of a controlled substance. Doc. #1 at 19. When his property was returned to him, it was missing several items. Id. Plaintiff engaged in the prison administrative grievance process with some success; according to the May 31, 2011 Director's Level Appeal Decision, San Quentin State Prison "accepted liability for the missing items and offered [Plaintiff] $140.00 . . . in stamps as compensation for the missing property . . ." Id. at 12–13. Plaintiff alleges that the costs of his lost property was $863.99 (id. at 5) and therefore the offer of $140 in compensation violated prison regulations governing compensation for lost items (id. at 4).

Although Plaintiff's allegations regarding the apparent loss of his property by California prison officials are regrettable, they remain insufficient to state a cognizable claim for relief under 42 U.S.C. § 1983. See Parratt, 451 U.S. at 535–44 The action, therefore, is DISMISSED.

The Clerk is directed to terminate any pending motions as moot and close the file. No fee is due.

IT IS SO ORDERED.

DATED: February 2, 2012

JAMES WARE
United States District Chief Judge

Order of Dismissal
G:\PRO-SE\JW-SF\CR-11\Pena-11-5205-dismiss.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EUGENIO P. PENA,

        Plaintiff,

v.

J. VAN BLARCOM et al,

        Defendant.

Case Number: CV11-05205 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 2, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugenio Paz Pena H-77082
CTF
CW-319L
P.O. Box 689
Soledad, CA 93960

Dated: February 2, 2012

Richard W. Wieking, Clerk

*Susan Imbriani*

By: Susan Imbriani, Deputy Clerk